CATHERINE I. DARBY *et al. vs.* TOWN OF COVENTRY *et al.*

DECEMBER 12, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a bill in equity to remove a cloud on title and to enjoin an alleged interference with the use of a right of way appurtenant to the land of the complainants. A decree *pro confesso* was entered against the respondent Stanley Modliszewski. The cause was thereupon heard in the superior court on bill, answers, replication and proof. Thereafter a final decree was entered in which the Town of Coventry and the respondent Chester L. Davidson were ordered to remove the cloud on the complainants' title and

to pay damages and costs. Davidson was also permanently enjoined as prayed for in the bill of complaint. The cause is before us solely on the appeal of the respondent Chester L. Davidson from that decree. No appeal has been filed by the Town of Coventry.

It appears from the record that prior to 1875 Horace P. Ralph held title to the parcel of land now owned by the complainants, which we shall refer to herein as parcel A, and also to an adjoining strip of land to the south thereof, which will be referred to as parcel B, presently owned by respondent Davidson and located on the extreme easterly side of a larger parcel of land owned by said respondent which we shall refer to as parcel C. In other words, Horace P. Ralph was the common grantor in the chain of title of parcels A and B.

On May 12, 1875 the common grantor Ralph conveyed parcel B to the respondent Town of Coventry by a deed which, after describing the area conveyed as being two rods in width for substantially its entire length, contained the following reservation: "Reserving for myself my heirs and assigns and for Peleg Holmes, his Heirs and Assigns, the right of pass, as the same has been reserved in former Deeds of these premises, Said passway to be used where the same is now located, with teams, or otherwise forever." This deed was recorded in deed book 29 at page 257 in the public land records of the town of Coventry.

On April 17, 1893 Horace P. Ralph conveyed parcel A, the land presently owned by complainants, to certain grantees with a right of way appurtenant thereto over parcel B. The deed of conveyance contained the following express grant of a right of way: "Together with the right of way as described in former deeds of these presents, and as reserved in my deed to the Town of Coventry recorded in Book 29 at page 257 of land records in said Coventry." This deed was also properly recorded.

The title to parcel A was subsequently transferred to several successive owners until it was finally acquired by the instant complainants on March 14, 1941. It consisted of an unimproved parcel of land situated about 600 feet in from the northerly side of Town Farm Road and bounded on the easterly side of respondent Davidson's parcel C and on the northerly side of the area referred to as parcel B. The deed conveying parcel A to complainants contained the following grant: "Together with the right of way as described in former deeds of these presents, and as reserved in the deed of Horace P. Relph [Ralph] to the Town of Coventry recorded in Book 29 at page 257 of land records in said Coventry." All the conveyances involving parcel A referred to the right of way in question either expressly or by virtue of the fact that the existence of the right of way was a matter of public record.

On May 14, 1949 respondent Davidson purchased from the town of Coventry, *inter alia,* a piece of land comprising parcels B and C. This land is located on the northerly side of the Town Farm Road. Parcel B is on the extreme easterly part of said land and is the area over which the right of way in question exists. This parcel extends southwesterly from complainants' land, parcel A, to the Town Farm Road for a distance of about 515 to 575 feet and a width of about two rods or 33 feet. It is bounded on its easterly side by land belonging to Sofia Halkola and on its westerly side by respondent Davidson's parcel C. There formerly was an old gate at the entrance to parcel B adjacent to the Town Farm Road. The deed from the Town of Coventry to the respondent Davidson expressly provided that the land in question was conveyed subject to "any existing rights of way or easements which may be a burden upon said premises * * *."

It appears that at the time of the conveyance of parcels B and C by the Town of Coventry to respondent Davidson an engineer was engaged by the town to prepare a drawing

or plat, hereinafter referred to as a map, which was subsequently incorporated in and made a part of the deed of conveyance and was recorded simultaneously therewith. Parcels B and C were designated thereon as "Town Of Coventry Parcel 2 L.E. 23-325." The area which has been referred to by us as parcel B on said Parcel 2 was marked out and delineated by the town's engineer as "Right of Way," and complainants' land, parcel A, was erroneously marked on the map and described in said deed as being the land of Stanley Modliszewski.

The complainants allege in their bill of complaint that the town engineer's error above described casts a cloud on their title, and that respondent Davidson has interfered with and prevented complainants' use of said right of way by removing a portion of the firm surface therefrom, by plowing and planting thereon, and by not maintaining the gate at the entrance to said easement. In brief they contend that they have a right of way over the entire width of approximately 33 feet over said parcel B for the purposes of egress from and ingress to their land by virtue of the reservation contained in the deed of 1875 from Horace P. Ralph to the Town of Coventry.

At the hearing in the superior court the question of the cloud on title was not contested by respondents. It is also clear from the record that respondent Davidson did not deny the existence of a right of way on his land over the area in question, but that he did dispute complainants' claim as to the width thereof. He also denied interfering with the use of the right of way by anyone.

The trial justice filed a written rescript in which he reviewed the evidence and made the following pertinent findings of fact: That the width of the easement was two rods or thirty-three feet; that respondent Davidson planted or caused to be planted the area over said easement; that there was no evidence of any duty on the respondent Davidson to maintain the gate at the entrance to the right of way;

that on the question of damages there was no great inconvenience to complainants in the enjoyment of their easement; that there was no time when "complainants could not have ridden or driven by automobile, cars, or vehicles over the right of way and the wheat, rye or oats that was planted or grew there"; and that $100, which he ordered paid to complainants by the respondents Davidson and the Town of Coventry, was a fair and reasonable allowance for the damages sustained by them.

The trial justice based his findings mainly on the testimony of Ray C. Matteson, the town's engineer, and Charles J. Hallene, one of respondent's witnesses. The engineer testified in substance that he had drawn a map of the area in question from an aerial photograph and from two or three deeds which had been given to him for that purpose by the town officials; that he thought the deed from Horace P. Ralph to the Town of Coventry was one of them; that he was familiar with the deeds which described the easement and the width that was called for; and that said width was 33 feet. A copy of the map made by him is in evidence as part of complainants' exhibit 4. The area which we have referred to as parcel B was marked and designated "Right of Way" thereon.

Charles J. Hallene testified that he had farmed respondent Davidson's land in 1952, 1953 and 1954, but his testimony was that he had planted about 25 or 30 feet away from the right-hand side of respondent Davidson's land as one goes in from the old gate at the entrance to parcel B adjacent to the Town Farm Road.

After the filing of the rescript a final decree was entered containing the following pertinent orders from which respondent Davidson has appealed to this court. Paragraph numbered 3 thereof fixed and established the exact lines and boundaries of the easement or right of way appurtenant to the land of complainants as containing a width of 33 feet extending from their land southerly to the Town Farm

Road. Paragraph numbered 9 permanently enjoined respondent Davidson, his servants, agents and tenants from plowing, cultivating, farming and disturbing in any manner the said easement as described in paragraph 3 of the final decree. In paragraph numbered 11 Davidson was ordered to pay to complainants damages in the sum of $50 and one half of the costs as taxed by the clerk of the court. And in paragraph numbered 12 respondent Davidson and the respondent Town of Coventry were ordered to remove the cloud on complainants' title by jointly recording a copy of the final decree in the instant case in the land records of the town of Coventry.

The respondent Davidson contends that the provisions of paragraph 3 of the final decree, giving complainants a right of way over the entire width of the strip of land purchased by the Town of Coventry from Horace P. Ralph instead of the certain definite "passway" referred to in the deed, are erroneous and contrary to the law and the evidence; that the provisions of paragraph 9 permanently enjoining the respondent Davidson as therein set forth are also erroneous and contrary to the law and the evidence in view of the findings of the trial justice that "there was no great inconvenience to the complainants in the enjoyment of their easement" and that "There was no time that the complainants could not have ridden or driven by automobile, cars, or vehicles over the right of way and the wheat, rye or oats that was planted or grew there." He finally contends that paragraphs 11 and 12 of the decree are against the law and the evidence on the ground that respondent Davidson is not responsible for the errors of the Town of Coventry in preparing the map at the time of the sale of said property to Davidson; that therefore he should not be compelled to participate with the respondent Town of Coventry in removing the cloud upon complainants' title; and that damages should not be assessed against him.

In support of his contention relating to the provisions

of paragraph 3 of the final decree, the respondent Davidson argues that the reservation which created the easement in the deed of 1875 conveying parcel B to the Town of Coventry did not specify the width of the right of way by express language and further that no evidence was presented to show such width.

After carefully examining the entire record we are of the opinion that the trial justice was clearly in error in finding that the width of the easement was two rods or 33 feet. We agree with respondent Davidson's contention that the reservation creating the easement in the deed of 1875 conveying the strip in question from said Ralph to the Town of Coventry did not specify the width of the right of way by express language and we have not found any evidence which could, either directly or by any reasonable inference, support such finding.

The respondent Davidson's second point relates to the injunction granted in paragraph 9 of the final decree. He contends that in view of the findings of the trial justice that "there was no great inconvenience to the complainants in the enjoyment of their easement" and that "There was no time that the complainants could not have ridden or driven by automobile, cars, or vehicles over the right of way and the wheat, rye or oats that was planted or grew there," the complainants are not entitled to the injunction set forth in said paragraph 9.

It is well established that the owner of the servient estate may use the land over which it passes in any manner which does not materially impair or unreasonably interfere with its use as a right of way by the owner of the easement. *Abney* v. *Twombly*, 39 R. I. 304, 319. However, it is equally well settled that what is a proper use by the owner of the fee is a question of fact depending upon the circumstances of the particular case. See 17A Am. Jur., Easements, §137, p. 744. The complainants have cited *First Baptist Society* v. *Wetherell*, 34 R. I. 155, and *Patalano* v. *Duarte*, 68 R. I.

138, in support of the trial justice's findings. The decision of this court in the *First Baptist Society* case is consistent with the principles of law herein set forth. However, the facts in the instant case are distinguishable from those in *Patalano* v. *Duarte*. In that case the owner of the servient estate erected a fence which completely obstructed the use of the right of way for over ten years without objection from those otherwise entitled to its use.

The issue before us on the instant appeal is whether the alleged use of the right of way by respondent Davidson is such that it interferes with complainants' reasonable and fair enjoyment of their easement over said right of way. It is our opinion that the injunction provided for in paragraph 9 of the final decree is unlawful and that the trial justice was clearly in error in depriving the owner of the fee of practically all use of his land, other than the right to use the area for purposes of travel. In our judgment the injunction should be no broader than to enjoin respondent Davidson from interfering with a reasonable easement of way within the strip in question by complainants, their heirs and assigns for the purpose of egress from or ingress to their land.

The respondent's third point relates to paragraphs 11 and 12 of the final decree wherein damages of $50 and costs were awarded against him and wherein he was ordered to join with the respondent Town of Coventry in removing the cloud on complainants' title by jointly recording a copy of the final decree. The record discloses no evidence to support an award of damages against the respondent Davidson and we have not found any that he was in any way responsible for the error in the deed and map which caused a cloud on complainants' title. It is therefore our opinion that paragraph numbered 11 should be deleted from the decree and paragraph numbered 12 should be modified so as to apply only to the Town of Coventry.

In their brief and oral arguments before us, the complain-

ants have attempted to question the correctness of certain findings of the trial justice. However, because of their failure to prosecute an appeal, these issues are not properly before us. Nevertheless, we have examined the entire record and we are convinced that substantial justice has been done between the parties.

The appeal of the respondent Chester L. Davidson is sustained in part, the decree appealed from is reversed in part and modified in part, and on December 18, 1957 the parties may present to this court a form of decree, in accordance with this opinion, for entry in the superior court.

FLYNN, C. J., did not participate in the decision.

## MOTION FOR REARGUMENT.
### JANUARY 16, 1958.

PER CURIAM. After our opinion in the above cause was filed the complainants asked leave to file a motion for reargument.

In our opinion, filed December 12, 1957, the parties were ordered to present to this court a form of decree, in accordance with said opinion, for entry in the superior court. However, in view of complainants' request for reargument, the hearing on entry of such decree was continued in open court on January 10, 1958 until we could consider the reasons on which they based their contention that justice required a reargument of the cause.

Upon careful consideration we are of the opinion that their request must be and it is hereby denied since it is not based on any matter which was not fully considered and passed upon directly or indirectly by us in reaching the conclusion stated in our opinion.

On January 22, 1958 the parties may present to this court a form of decree, in accordance with our original opinion, for entry in the superior court.

*Francis D. Fox*, for complainants.

*James O. McManus, Joseph W. Grimes*, for respondent Chester L. Davidson.